# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY<br>7233 East Butherus Drive<br>Scottsdale, Arizona 85260<br><br>       Plaintiff,<br><br>       v.<br><br>VITUS GROUP LLC<br>2607 2nd Avenue, Suite 300<br>Seattle, Washington 98121<br><br>   Please Serve:<br>   CT Corporation System<br>   711 Capitol Way South, Suite 204<br>   Olympia, Washington 98501<br><br>WESTLAKE LINWOOD HOUSING PARTNERS, LP<br>415 1st Avenue North #19240<br>Seattle, Washington 98109<br><br>   Please Serve:<br>   CT Corporation System<br>   289 South Culver Street<br>   Lawrenceville, Georgia 30046<br><br>WESTLAKE LINWOOD HOUSING MANAGEMENT LLC<br>415 1st Avenue North #19240<br>Seattle, Washington 98109<br><br>   Please Serve:<br>   CT Corporation System<br>   289 South Culver Street<br>   Lawrenceville, Georgia 30046<br><br>VITUS DEVELOPMENT IV, LLC<br>415 1st Avenue North #19240<br>Seattle, Washington 98109 | Case No:<br><br>**ADMIRAL INSURANCE COMPANY INTERPLEADER COMPLAINT 28 U.S.C. §1335** |

Please Serve:
CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046

THE PINES HOUSING PARTNERS LP
415 1st Avenue North #19240
Seattle, Washington 98109

Please Serve:
CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046

HILTON HEAD HOUSING PARTNERS LP
11 Southwood Park Drive
Hilton Head, South Carolina 29926

Please Serve:
CT Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

JAMIE BURTON (DECEASED)

Please Serve:
Brian C. Mickelsen
Mickelsen Dalton LLC
25 Society Street
Charleston, South Carolina 29401

WANYA MCKNIGHT (DECEASED)

Please Serve:
James Shipley Jr.
Manly Shipley, LLP
P.O. Box 10840
Savanah, Georgia 31412
jim@manlyshiply.com

ASHLEY THOMAS

    Please Serve:
    Ashley Thomas
    19 Water Drive
    Beaufort, South Carolina 29906

    Please Serve:
    Jonathan Arndt
    Morgan & Morgan
    4401 Belle Oaks Drive, 3rd Floor
    North Charleston, South Carolina 29405
    jarndt@forthepeople.com

DOE DEFENDANTS 1-10

    Defendants.

## THE INTERPLEADER DISPUTE

1. Admiral Insurance Company ("Admiral") issued an insurance contract CA000042289-03 to Vitus Group LLC ("Vitus") as the named insured for a policy period of 5/12/23 – 5/12/24. A true and correct copy of CA000042289-03 is attached as Exhibit 1.

2. Admiral CA000042289-03 is written with Assault or Battery Event—Limited Coverage (CGL Coverage Form) AD 69 26 03 19, which as more fully outlined below, creates a $1 million "each event" sublimit for assault or battery claims and a $2 million aggregate sublimit for assault or battery claims ("AB Sublimits").

3. Under the terms of Form AD 69 26 03 19, these AB Sublimits are included within and are not in addition to the limits applicable to other types of claims.

4. As a result, all claims potentially covered by the AB Sublimits can erode the policy leaving no limits to pay AB claims or other types of claims, including exhausting the location limits for general liability claims.

5. In addition, Supplementary Payments such as defense costs erode the AB

Sublimits so that all amounts spent toward defense reduce the amounts available to pay claims.

6. Consistent with 28 U.S.C. §1335, Admiral seeks to interplead the AB Sublimits of CA000042289-03 because there are multiple parties who claim or may claim the benefits of the remaining AB Sublimits and broader policy limits, which exceed $500 exclusive of interest and costs.

7. Admiral identifies each defendant below and outlines how that defendant claims or may claim benefits arising under CA000042289-03.

8. Once all claimants are brought before the Court as defendants, Admiral will make a Fed. R. Civ. P. 67 and S.D. Ga. L.R. 67 motion to deposit the CA000042289-03 remaining limits, identifying a sum certain as the limits continue to erode through defense of claims.

9. If the Court grants that Rule 67 motion, Admiral will ask the Court to discharge its payment responsibilities and enjoin all defendants from asserting further claims related to payment of defense or indemnity under CA000042289-03.

10. The Court may allocate the funds paid, including allowing Vitus or the Additional Insureds to continue to use the policy benefits to defend and settle claims as they see fit.

## JURISDICTION AND VENUE

11. Consistent with 28 U.S.C. §1335(a), Admiral brings this lawsuit as a civil action of interpleader under this Court's original jurisdiction.

12. Consistent with 28 U.S.C. §1335(a), Admiral has in its custody or possession a policy of insurance with defense and indemnity benefits in a value or amount in excess of $500.00.

13. Consistent with 28 U.S.C. §1335(a)(1), the defendants identified in Paragraphs 24 - 31 are adverse claimants who have diverse citizenship for purposes of this civil action of interpleader because they are citizens of Georgia, Washington, and South Carolina.

14. Consistent with 28 U.S.C. §1335(a)(1), the defendants identified in Paragraphs 24 - 31 have claimed or may claim to be entitled to the benefits of Admiral insurance contract either through defense which erodes the limits or through the payment of claims which may erode the limits.

15. Consistent with 28 U.S.C. §1335(a)(2), Admiral will make a Fed.R.Civ.P. 67 and S.D. Ga. L.R. 67 motion to deposit the remaining limits of the policy, identifying a sum certain as the limits continue to erode through defense of claims.

16. Consistent with 28 U.S.C. §1335(b), Admiral may bring the civil action of interpleader despite that the defendants identified in Paragraphs 24 - 31 may not claim an interest in the policy benefits that arises from common origin or which may not be identical, because the interests of the parties are adverse to the same AB Sublimits.

17. Consistent with 28 U.S.C. §1397, venue is proper in this judicial district because at least one of the claimants identified as defendants in Paragraphs 24 - 31 reside in this district.

18. Specifically, the defendants identified in Paragraphs 31(a)-(b) reside in this district.

19. Consistent with 28 U.S.C. §90(c)(3) venue is proper in the Savanah Division because defendants identified in Paragraphs 31(a)-(b) reside in Chatham County, Georgia.

20. Consistent with 28 U.S.C. §2361, this Court may issue process over all defendants no matter where they reside, to be served by the United States marshal in the district where each claimant defendant resides.

21. Nationwide service of process is authorized by Fed.R.Civ.P. 4(k)(1)(C).

## **THE PARTIES**

22. Admiral is a Delaware corporation with its principal place of business in Arizona. For purposes of jurisdiction, Admiral is a citizen of Delaware and

5

Arizona.

23. Admiral is a disinterested stakeholder under 28 U.S.C. §1335 who seeks to pay the limits on the insurance contract to the registry of the Court so the Court either may allow Vitus or the Additional Insureds to continue their defense using the eroding policy limits or pay the claims of the Individual Defendants.

24. Upon information and belief, Vitus is a Delaware limited liability company with at least one member who is a citizen of Washington for purposes of jurisdiction.

25. The State of Washington identifies the principal place of business of Vitus as 2607 Second Avenue, Suite 300, Seattle, Washington 98121-1289.

26. The State of Washington identifies CT Corporation System as the registered agent for service of process upon Vitus whom may be served summons and process at 711 Capitol Way South, Suite 204, Olympia, Washington 98501-1267.

27. Vitus is a claimant to benefits available under the insurance contract to the extent that Admiral continues to spend amounts to defend Vitus from various claims, thereby reducing the AB Sublimits available under the policy and any location limit for other claims.

28. The entities identified in Paragraph 30 below (collectively "Additional Insureds") are entities which may be insured under Admiral Policy CA000042289-03 and against whom the Individual Defendants identified in Paragraph 30 below either have asserted claims or may assert claims against them which claims may be covered by Admiral Policy CA000042289-03.

29. The Additional Insureds are or may be claimants to benefits available under CA000042289-03 to the extent that Admiral continues to spend amounts to defend them or may spend amounts to defend them from various claims, thereby reducing the AB Sublimits available under the policy.

30. The Additional Insured Defendants are:

a. Westlake Linwood Housing Partners LP is a Georgia limited partnership, and upon information and belief, has at least one member who is a Georgia or Washington citizen. This defendant is an owner or manager of an apartment complex located at 1900 Westlake Avenue in Savanah, Georgia at which Individual Defendant Burton was subject to an alleged assault or battery.

b. Westlake Linwood Housing Management LLC is a Georgia limited liability company, and upon information and belief, has at least one member who is a Georgia or Washington citizen. This defendant is an owner or manager of an apartment complex located at 1900 Westlake Avenue in Savanah, Georgia at which Individual Defendant Burton was subject to an alleged assault or battery. Admiral notes that Westlake Linwood Housing Partners LP identified above is endorsed as an insured on the Admiral policy but Westlake Linwood Housing Management LLC is not and may not be insured.

c. Vitus Development IV, LLC is a Delaware limited liability company, and upon information and belief, has at least one member who is a Washington citizen. This defendant is an owner or manager of an apartment complex located at 1900 Westlake Avenue in Savanah, Georgia at which Individual Defendant Burton was subject to an alleged assault or battery.

d. The Pines Housing Partners LP is a Georgia limited partnership with at least one member who is a Georgia or Washington citizen. This defendant is an owner or manager of an apartment complex located at 145 Priscilla D. Thomas Way in Garden City, Georgia at which Individual Defendant Wayna McKnight was subject to alleged assault or battery.

e. Hilton Head Housing Partners LP is a South Carolina limited partnership, and upon information and belief, has at least one member who is a South Carolina citizen. This defendant is an owner or manager of an apartment complex located at 11 Southwood Drive in Hilton Head, South Carolina at which Individual Defendant Ashley Thomas was subject to alleged assault or battery.

31. The individuals identified below (collectively "Individual Defendants") either have asserted claims or may assert claims against Vitus or another insured

who may be covered by Admiral Policy CA000042289-03, making them claimants or potential claimants as possible direct action plaintiffs or judgment creditors. These Individual Defendants are:

a. Admiral has claim A42942 open for the shooting of Jamie Burton, which occurred at or near 1900 Westlake Avenue in Savanah, Georgia. Mr. Burton is deceased and was a Georgia citizen before his death. Upon information and belief, the heirs of Mr. Burton are residents of Chatham County, Georgia and Georgia citizens.

b. The heirs of Mr. Burton have retained legal counsel, Brian C. Mikelsen of the law firm Mickelsen Dalton LLC, with an address at 25 Society Street in Charleston, South Carolina 29401, brian@mickelsendalton.com.

c. Admiral has claim A43368 open for the shooting of Wanya McKnight, which occurred at or near 145 Priscilla D. Thomas Way in Garden City, Georgia. Mr. McKnight is deceased and was a Georgia citizen before his death. Upon information and belief, the heirs of Mr. McKnight are residents of Chatham County, Georgia and Georgia citizens.

d. The heirs of Mr. McKnight have retained legal counsel, James Shipley Jr. of the law firm Manly Shipley, LLP, with an address at P.O. Box 10840 in Savanah, Georgia 31412 jim@manlyshiply.com..

e. Admiral has claim A44401 open for the shooting of Ashley Thomas, which occurred at 11 Southwood Park Drive in Hilton Head, South Carolina. Ms. Thomas is an individual who is a citizen of South Carolina for purposes of jurisdiction and has alleged South Carolina citizenship in a tort lawsuit she has brought, as described below.

f. Ms. Thomas has retained legal counsel, Jonathan Arndt of the law firm Morgan & Morgan, with an address at 4401 Belle Oaks Drive, 3rd Floor, North Charleston, South Carolina 29405, jarndt@forthepeople.com.

32. The Individual Defendants are individuals who claim to have been injured by an assault or battery at properties owned or managed by Vitus or the Additional Insured. The Individual Defendants may claim to be direct action plaintiffs to the coverage limits available under CA000042289-03 or may

claim a right as judgment creditors to those limits.

33. Doe Defendants are potential claimants for whom Admiral does not know the identity or address information because these Doe Defendants have not made any claim upon Vitus or the Additional Insureds.

34. Vitus and the Additional Insureds have provided notice to Admiral for a variety of bodily injuries that have been alleged to occur at premises owned or managed by them and the Doe Defendants are parties whose identities are not known because no claims have been made or identified.

## **FIRST CAUSE OF ACTION**

### **(Interpleader )**

35. Paragraphs 1 through 34 are incorporated by reference as though fully set forth herein.

36. Admiral CA000042289-03 (Ex. 1) is written with Assault or Battery Event—Limited Coverage (CGL Coverage Form) Form AD 69 28 03 19, which amends any Commercial General Liability Coverage to set a $1 million limit for any single event that is an "assault or battery event" as defined by that form and $2 million in the aggregate for all such events ("AB Sublimits").

37. Under Form AD 69 28 03 19, the AB Sublimits are reduced by supplementary payments, such as defense costs, so that any amounts spent toward defense reduce the amount available under the policy to pay or indemnify claims.

38. Under Form AD 69 28 03 19, Admiral's duty to defend and other coverage obligations end when the applicable sub-limit of insurance is used up for the payment of judgments, settlements or Supplementary Payments.

39. Under Form AD 69 28 03 19, an "assault or battery event" is defined to include physical assault or physical battery against an individual by anyone.

40. Under Form AD 69 28 03 19, all claims actually or allegedly arising out of, related to, caused by contributed to by, or in any way connected to assault or battery are excluded from Admiral CA000042289-03, subject only to a

9

Coverage D under the form which extends coverage to AB claims subject to the AB Sublimits and other terms therein.

41. On or about September 18, 2023, legal counsel representing the minor children of the deceased Jamie Burton made a policy limits settlement demand for injuries he sustained that resulted in his death from a shooting alleged to have taken place at or near an apartment complex located at 1900 Westlake Avenue in Savanah, Georgia.

42. On or about October 20, 2023, Admiral agreed to accept the demand and pay the AB sublimit for this alleged assault or battery event, based in part upon an assessment from defense counsel on liability and damages.

43. The Burton settlement awaits approval by a probate court on behalf of his minor children.

44. On or about November 21, 2023, legal counsel representing the heirs of Wanya McKnight made a policy limits settlement demand for injuries he sustained that resulted in his death from a shooting alleged to have taken place at or near an apartment complex located at 145 Priscilla D. Thomas Way in Garden City, Georgia.

45. The demand in the McKnight claim is an AB sublimit for a single assault or battery event, but if accepted may or will exhaust the aggregate AB sublimit for all AB claims and either impair or exhaust the general aggregate applicable to all claims.

46. The McKnight claim will be mediated on January 30, 2024.

47. In August of 2023, Ashley Thomas filed a lawsuit in South Carolina captioned, *Thomas v. Hilton Head Housing Partners, LP d/b/a/ Hilton Head Gardens,* 2023 CP 0701609 (Beaufort, SC).

48. Ms. Thomas alleges in her complaint in that lawsuit that she is a South Carolina citizen who resides in Beaufort County, South Carolina.

49. Ms. Thomas alleges that she was shot at an apartment located at 11 Southwood Park Drive in Hilton Head, South Carolina.

50. The Court in the Thomas case set an alternative dispute resolution date for March 14, 2024.

51. Counsel for the three claimants have made demands upon Admiral to settle assault or battery claims against Vitus and/or the Additional Insureds that can exhaust and already exceed the AB Sublimits.

52. Admiral has agreed to defend all three claims, subject to the policy terms, including any self-insured retentions.

53. Defense costs continue to erode the AB Sublimits of the policy.

54. The law in Georgia and South Carolina where these three claims arose can impose a duty upon an insurer to accept a policy limits settlement demand in certain circumstances.

55. Admiral now faces multiple or inconsistent obligations because these claims can or will exhaust or already exceed Admiral AB Sublimits which are included within the general aggregate of the policy.

56. All defendants are potential claimants to the remaining AB Sublimits because Individual Defendants may seek to have these funds pay alleged losses if they obtain a judgment against Vitus or the Additional Insureds.

57. Likewise Vitus and the Additional Insureds are claimants to the policy AB Sublimits because they are being defended and will be defended under an AB Sublimits that are eroded by defense costs.

58. Consistent with Fed.R.Civ.P. 67 and S.D. Ga. L.R. 67, Admiral seeks an order to deposit the remaining limits with the Court, allowing any insured to be defended with that amount and allowing any judgment obtained to be satisfied with that amount.

59. Consistent with 28 U.S.C. §2361, Admiral seeks an order discharging it from further payment obligations under the policy and enjoining all defendants from proceeding to litigate insurance coverage or bad faith claims against Admiral arising from or related to the Admiral insurance contract.

# **PRAYER FOR RELIEF**

Wherefore, Admiral prays for judgment:

1. The Court issue process for all Defendants pursuant to 28 U.S.C. §2361.

2. The Court issue an Order pursuant to 28 U.S.C. §2361 restraining or enjoining all defendants from initiating or prosecuting any proceeding in a different court than this Court concerning coverage or bad faith claims arising from or related to Admiral Policy CA000042289-03.

3. The Court issue an Order providing for the orderly contest of the issues and controversies presented herein consistent with 28 U.S.C. §1335;

4. The Court issue an Order consistent with 28 U.S.C. §1335 requiring Admiral to deposit the available limits for all claims which may trigger the policy to be used to satisfy liability to Individual Defendants, payment of Supplementary Payments, or both;

5. The Court issue an Order consistent 28 U.S.C. §1335 releasing and discharging Admiral for any and all liability under or related to Admiral Policy CA000042289-03 as applied to all defendants; and,

6. The Court award such costs, attorney fees, and other relief as allowed by law or in equity.

Respectfully submitted this 29th day of January, 2024.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | */s/ Matthew G. Moffett* |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett, |
| 950 East Paces Ferry Road, N.E. | Georgia State Bar No.: 515323 |
| Suite 1700 – Salesforce Tower Atlanta | *Attorneys for Plaintiff* |
| Atlanta, Georgia 30326 | |
| Telephone: (404) 870-1065 | |
| Facsimile: (404) 870-7374 | |
| E-mail: mmoffett@grsmb.com | |