UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ADMIRAL INSURANCE )
COMPANY, )
 )
    Plaintiff, )
 )
v. ) CV424-021
 )
VITUS GROUP LLC, *et al.*, )
 )
    Defendants. )

## ORDER

Before the Court are two intertwined motions to seal. *See* docs. 49 & 53. The motions seek to seal a series of letters negotiating a settlement agreement[1] among Plaintiff Admiral Insurance Company ("Admiral"); an excess insurance carrier, non-party James River Insurance Company; and Defendant Jamie Burton's Estate and family.[2] The time to respond to both motions has passed without any opposition. *See* S.D. Ga. L. Civ.

---

[1] There is a dispute as to whether the letters themselves constitute a settlement agreement. *See* doc. 46 at 14-19 (arguing that there is not a binding settlement agreement).
[2] Jamie Burton is deceased. *See* doc. 1 at 8. Nidyria Clay and Dexteria Washington, natural guardians to Burton's surviving minor children, answered the Complaint as "the Estate of Jamie Burton." *See* doc. 35 at 1. Burton's Answer indicates that any settlement negotiations were conducted "on behalf of the Estate and family of Jamie Burton." *Id.* at 17.

1

R. 7.5; *see generally* docket.  Despite there being no opposition, the Court must still determine whether sealing is appropriate, since "the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access."  *Usry v. EquityExperts.org, LLC*, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).

Defendants Vitus Group LLC; Westlake Linwood Housing Partners, LP; Westlake Linwood Housing Management LLC; Vitus Development IV, LLC; The Pines Housing Partners LP; and Hilton Head Housing Partners LP (collectively, "the Vitus Defendants") move to file under seal two settlement letters, docs. 46-1 & 46-2, marked as exhibits to their Motion to Dismiss the Claim of Jamie Burton, doc. 46.  Doc. 49.  The Vitus Defendants indicate they only moved to seal the letters "[o]ut of an abundance of caution and because Burton has alleged an interest in confidentiality."  Doc. 49 at 2; *see also* doc. 35 at 17-18 (Burton's Answer and "Counterclaim,"[3] characterizing the letter exchange as "The Offer and Acceptance" and alleging they contain "highly sensitive

---

[3] There is a dispute as to whether Burton has asserted a counterclaim or crossclaim.  *Compare* doc. 35 at 17 (asserting a counterclaim) *with* doc. 46 at 11-14 (arguing that the counterclaim is a crossclaim that the Vitus Defendants can move to dismiss).

financial information concerning a confidential settlement involving payment to minors"). The Vitus Defendants offer no support for their motion to seal and instead argue that because Burton "asserted an interest in confidentiality . . . it is Burton's burden to assert the grounds for sealing the letters[.]" *Id.* at 2-3.

Burton urges the Court to grant the Vitus Defendants' motion to seal. *See* doc. 53 at 1, 3. Burton also seeks to seal a third letter marked as an exhibit to his response to the Vitus Defendant's motion to dismiss his claim, doc. 52-1. Doc. 53. Burton argues that all three letters should be sealed because the settlement negotiations implicate minors' privacy rights; if the amount of the settlement was public, it "could result in the minors and/or their family members being improperly solicited and/or targeted in connection with the settlement proceeds." Doc. 53 at 2.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern . . . and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted)

3

(quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).  "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")).  "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245.  The Eleventh Circuit reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted).  The Vitus Defendants' Motion to Dismiss the Claim of Jamie Burton, doc. 46, Burton's response, doc. 52, and supporting documents are judicial records.

   A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363.  A good cause determination

"requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

"For cases involving the privacy of children, the interest in secrecy is compelling." *Enzor v. Kroger Co.*, 2024 WL 1591025, at *2 (S.D. Ga. Mar. 28, 2024); *see also Eigenberger v. Tokyo Statebsoro GA, LLC*, 2018 WL 206592, at *2 (S.D. Ga. May 3, 2018); *Clark v. Bamberger*, 2016 WL 1183180, at *2 (M.D. Ala. Mar. 28, 2016) ("Protecting the privacy of minors is undoubtedly an important concern."). Rule 5.2 of the Federal Rules of Civil Procedure recognizes the importance of protecting the privacy interests of minors by requiring that minors only be referred to by their initials in court filings. *See* Fed. R. Civ. P. 5.2(a)(3). Additionally, courts will generally seal filings "that expose[ ] sensitive information about a child that could harm the child's future educational or employment prospects or that could cause the child great trauma or embarrassment." *Clark*, 2016 WL 1183180, at *2. However, to weigh in favor of keeping information about minors sealed, the information generally must be more than the amount of money received in a settlement. *See Wilson*, 759 F.2d at 1571 n.4; *Enzor*, 2024 WL 1591025, at *2.

Burton does not assert that the information in the letters could harm the minor children's future education or employment prospects or

cause the children great trauma or embarrassment. *See generally* doc. 53; *see also Clark*, 2016 WL 1183180, at *2. Rather, Burton argues that the documents should be sealed *in toto* because they include the settlement amount and revealing "highly sensitive financial information" could cause the children to be solicited or targeted in connection with the settlement proceeds. Doc. 53 at 2. He also argues that failing to seal the letters could deter settlements "by effectively eliminating the ability to keep the settlement terms confidential." *Id.* at 3. He does not cite to any legal authority to support these arguments. *See id.* at 2-3.

Unsurprisingly, his arguments fail. As the Eleventh Circuit has explained, while "[t]here is no question that courts should encourage settlements . . . the payment of money to an injured party is simply not 'a compelling governmental interest' legally recognizable or even entitled to consideration in deciding whether or not to seal a record." *Wilson*, 759 F.2d at 1571 n.4; *see also Clark*, 2016 WL 1183180, at *3 (rejecting the argument that a court should keep a settlement agreement confidential simply to avoid discouraging future settlements). Arguing that the letters should be sealed because they indicate the minor children may be paid a certain amount of money or because not sealing the letters would

discourage settlements is simply a nonstarter. While there is generally a compelling interest in protecting the privacy of minors, the Court will not seal the letters in their entirety solely because the letters contain financial information related to a settlement. *See Wilson*, 759 F.2d at 1571 n.4; *Enzor*, 2024 WL 1591025, at *2.

That said, Burton points–however briefly–to Rule 5.2 in his motion to seal. Doc. 53. at 2. As previously explained, Rule 5.2 bars parties from including the names of individuals known to minors in court filings; instead, parties should refer to minors by their initials. *See* Fed. R. Civ. P. 5.2(a)(3). Here, the parties might redact portions of the letters to the extent the letters include identifying information of Burton's minor children in order to protect their privacy under the Federal Rules.

However, privacy interests can be waived. "A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h). Burton's Answer contains the full names of each minor child. Doc. 35 at 1. Because the children's natural guardians have themselves made the children's identities public, they cannot now assert an interest in keeping the children's identities private. *Cf. Citizens for Resp. and Ethics in*

*Wash. v. U.S. Dep't of Just.*, 840 F. Supp. 2d 226, 233 (D.D.C. 2012) ("One can have no privacy interest in information that is already in the public domain, especially when the person asserting his privacy is himself responsible for placing that information into the public domain."). The Court does not find good cause to redact the minor children's identifying information when their identities have been revealed by their own guardians in their own filings.[4]  *See Meredian Holdings Group, Inc. v. Pereira*, 2020 WL 13443020, at *3 (M.D. Ga. Aug. 26, 2020) (denying a motion to entirely or heavily redact documents when the redacted information was publicly available elsewhere in the record).

The Court acknowledges that including the minor children's full names in the Answer instead of using their initials per Rule 5.2(a)(3) may have been a mistake.  Subsequent filings refer to the minor children by their initials, *see* docs. 52 & 59, and Burton expressly acknowledges Rule 5.2 in support of his argument to seal the letters, *see* doc. 53 at 2.  "If a person files an unredacted identifier by mistake, that person may seek relief from the court." Fed. R. Civ. P. 5.2 (Advisory Committee Notes).

---

[4] No other party has included the full names of Burton's children in any filing (not including the letters the parties seek to seal).  *See generally* docket.

9

To afford Burton an opportunity to correct any error in revealing the minor children's full names, the Clerk is **DIRECTED** to seal the Answer and Counterclaim of the Estate of Jamie Burton, doc. 35, until June 7, 2024. Burton is **DIRECTED** to file any motion to seal his answer by that date. Any such motion should include proposed redactions of the minor children's names in accordance with Federal Rule of Civil Procedure 5.2(a)(3). If Burton has not moved to seal his answer by June 7, 2024, the Clerk is **DIRECTED** to unseal it. Doc. 35.

As to the Vitus Defendants' and Burton's motions to seal, docs. 49 & 53, the parties have not established good cause to seal the documents by showing that their interests in keeping the letters completely confidential outweighs the common-law right of access, *see Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted). The Vitus Defendants' and Burton's motions to seal are **DENIED**, without prejudice. Docs. 49 & 53.

If the parties wish to renew their motions to file these documents, with particular information maintained under seal, they may do so. To ensure the Court's consideration of the Vitus Defendants' Motion to Dismiss the Claim of Jamie Burton, doc. 46, is not disrupted, the parties

are **DIRECTED** to file any renewed motions to seal the settlement letters by no later than June 14, 2024. If Burton moves to seal his Answer to redact the names of his minor children, any renewed motions to seal the settlement letters must include, at minimum, proposed redactions of the minor children's identifying information in accordance with Federal Rule of Civil Procedure 5.2(a).

If no renewed motions to seal the exhibits are filed by June 14, 2024, the Clerk is **DIRECTED** to unseal the documents. Docs. 46-1, 46-2, & 52-1. If a renewed motion to seal is filed, the Clerk is **DIRECTED** to maintain the documents under seal pending resolution of that renewed motion.

**SO ORDERED**, this 30th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA