# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV424-021 |
| VITUS GROUP LLC, *et al.*, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Defendant Jamie Burton[1] moves to seal his Answer and Counterclaim, doc. 35. *See* doc. 65. He also moves to seal several exhibits associated with briefing on the Vitus Defendants' Motion to Dismiss the Claim of Jamie Burton.[2] *See* doc. 66. Per the Court's prior Order, each motion to seal includes redacted versions of the documents Burton seeks to seal which would appear on the Court's public docket. *See* doc. 64 at

---

[1] Jamie Burton is deceased. *See* doc. 1 at 8. Nidyria Clay and Dexteria Washington, natural guardians to Burton's surviving minor children, answered the Complaint as "the Estate of Jamie Burton." *See* doc. 65-1 at 1. Because the Complaint names Jamie Burton as a defendant, *see generally* doc. 1, the Court uses "Defendant Burton" or "Burton" to identify what Nidyria Clay and Dexteria Washington, by and through their counsel, represent is "the Estate of Jamie Burton."

[2] *See* doc. 46 (The Vitus Defendant's Motion to Dismiss the Claim of Jamie Burton); doc. 52 (Response to the Vitus Defendant's Motion to Dismiss the Claim of Jamie Burton).

1

2-4. The time to respond to Burton's motions to seal has passed without objection from any other party. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 (allowing 14 days for parties to respond to a motion). The Court therefore treats Burton's Motion to Seal and Substitute a Redacted Answer and Counterclaim, doc. 65, and Second Renewed Motion to Seal and Redact Documents 46-1, 46-2, and 52-1, doc. 66, as unopposed. *See* S.D. Ga. L. Civ. R. 7.5. Despite there being no opposition, the Court must still determine whether sealing is appropriate, since "the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access." *Usry v. EquityExperts.org, LLC*, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern . . . and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978),

and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted). The Vitus Defendants' Motion to Dismiss the Claim of Jamie Burton, doc. 46, Burton's response, doc. 52, and supporting documents are judicial records.

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's

interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

"For cases involving the privacy of children, the interest in secrecy is compelling." *Enzor v. Kroger Co.*, 2024 WL 1591025, at *2 (S.D. Ga. Mar. 28, 2024); *see also Eigenberger v. Tokyo Statebsoro GA, LLC*, 2018 WL 206592, at *2 (S.D. Ga. May 3, 2018); *Clark v. Bamberger*, 2016 WL 1183180, at *2 (M.D. Ala. Mar. 28, 2016) ("Protecting the privacy of minors is undoubtedly an important concern."). Rule 5.2 of the Federal Rules of Civil Procedure recognizes the importance of protecting the privacy interests of minors by requiring that minors only be referred to by their initials in court filings. *See* Fed. R. Civ. P. 5.2(a)(3). Additionally, courts will generally seal filings "that expose[ ] sensitive information about a child that could harm the child's future educational or employment prospects or that could cause the child great trauma or embarrassment." *Clark*, 2016 WL 1183180, at *2. However, to weigh in favor of keeping information about minors sealed, the information generally must be more than the amount of money received in a settlement. *See Wilson*, 759 F.2d at 1571 n. 4; *Enzor*, 2024 WL 1591025, at *2.

First, Burton argues that his original Answer and Counterclaim, doc. 35, should be sealed because he inadvertently included the full

names of Burton's minor children instead of using their initials as required by Rule 5.2. *See* doc. 65 at 2-3; *see also* Fed. R. Civ. P. 5.2(a)(3). He therefore moves to seal the original Answer and Counterclaim and replace it with a redacted version that uses the children's initials instead. *See* doc. 65 at 3; *see also* doc. 65-1 at 1 (Proposed Redacted Answer and Counterclaim).

The Court finds good cause to seal Burton's Answer and Counterclaim given the inadvertent inclusion of the minor children's names in the original filing, the nature of the information Burton seeks to protect, the importance of protecting the privacy of minors, and Rule 5.2's mandate that children be referred to by their initials in court filings. *See* Fed. R. Civ. P. 5.2(a)(3); *Chi. Tribune Co.*, 263 F.3d at 1311, 1315; *see also Enzor*, 2024 WL 1591025, at *2. Burton's Motion to Seal and Substitute a Redacted Answer and Counterclaim is therefore **GRANTED**. Doc. 65. The Clerk is **DIRECTED** to maintain[3] Burton's original Answer and Counterclaim **UNDER SEAL** until July 15, 2042.[4]

---

[3] The Court previously directed the Clerk to seal the Answer and Counterclaim, doc. 35, pending resolution of any motions to seal. *See* doc. 60 at 10; *see also* doc. 64 at 3.
[4] Burton did not specify how long the matters he seeks to seal should be sealed. *See generally* docs. 65 & 66; *see also* S.D. Ga. L. Civ. R. 79.7(e) (requiring parties to indicate how long a matter should be sealed in their motion to seal). Given the nature of the privacy interests at issue, the Court will seal these matters for 18 years because

6

Doc. 35.  The Clerk is also **DIRECTED** to docket the redacted Answer and Counterclaim of the Estate of Jamie Burton, Deceased, doc. 65-1, as an attachment to the original Answer and Counterclaim, doc. 35.

Second, Burton argues that the exhibits associated with briefing on the Vitus Defendants' Motion to Dismiss the Claim of Jamie Burton should be sealed because those exhibits include Burton's minor children's full names and the exact amount of the settlement offer.  *See* doc. 66 at 2.  He generally cites to the principle that "[f]or cases involving the privacy of children, the interest in secrecy is compelling."  *Eigenberger, LLC*, 2018 WL 206592, at *2; *see also* doc. 66 at 2.  He also reincorporates arguments from his earlier motions to seal.  Doc. 66 at 2.  In his First Renewed Motion to Seal and to Redact Documents 46-1, 46-2, and 52-1, Burton pointed out that because Georgia has no corollary to Federal Rule of Civil Procedure 5.2., Burton's minor children's names are part of the public record in the state court proceedings seeking the approval of the settlement.  Doc. 63 at 2.  He argues that sealing the children's names

---

Burton's youngest surviving minor child will have necessarily reached the age of majority at that time.  If Burton wishes to seal the documents at issue for a different period of time, he may move to alter the seal.  "The permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake."  S.D. Ga. L. Civ. R. 79.7(e).

7

and the settlement amounts here "would prevent third parties who could seek to take financial advantage of the children, which could cause future injury or embarrassment, from identifying both their identities and the settlement amounts through electronic public record searches" based on the information accessible in state court. *Id.* at 2-3.

This Court has previously held that "exposure of [] minor children's names through [a] State Court action is sufficient to show good cause" to seal documents related to a settlement. *See Enzor*, 2024 WL 1591025, at *3. Because of the potential exposure of the minor children's names through the state court proceedings, their privacy interests are more compelling. *Id.* Given the heightened privacy interests, the Court finds good cause to seal the exhibits associated with briefing on the Vitus Defendants' Motion to Dismiss the Claim of Jamie Burton and **GRANTS** Burton's Second Renewed Motion to Seal and to Redact Documents 46-1, 46-2, and 52-1. Doc. 66.

The Clerk is **DIRECTED** to maintain Exhibits A and B of the Vitus Defendants' Motion to Dismiss the Claim of Jamie Burton (Deceased), doc. 46, and Exhibit A of Burton's response, doc. 52, **UNDER SEAL** until July 15, 2042. The Clerk is **DIRECTED** to docket docs. 66-1 & 66-2

8

(Vitus Defendants' redacted Exhibits A and B) as attachments to the Vitus Defendants' Motion to Dismiss the Claim of Jamie Burton (Deceased), doc. 46.  The Clerk is also **DIRECTED** to docket doc. 66-3 (Burton's redacted Exhibit A) as an attachment to Burton's response, doc. 52.

**SO ORDERED**, this 15th day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA